Nora JARAMILLO; Dora Jaramillo, Plaintiffs—Appellants,

v.

Russell CURRY; City of Hanford, Defendants—Appellees.

No. 01-15660.
D.C. No. CV-99-06782-REC(SMS).

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2002 *.

Decided May 23, 2002.

Before BRUNETTI, LEAVY and NELSON, Circuit Judges.

MEMORANDUM **

On March 1, 1999, Hanford Police Sergeant Russell Curry ("Curry") was called to the Hanford Mall regarding a suspicious vehicle. When Curry stopped the vehicle, the driver, Louie Jaramillo, stated he had no license. When asked to step out of the vehicle, Louie sped away. Curry engaged in a high speed pursuit of Louie, ending at the Jaramillo residence. Curry observed Louie exit his vehicle and run to the front door but, upon reaching the front door himself, found it locked. Despite Curry's repeated demands for entry and attempts to kick the door down, Nora Jaramillo, who was standing just inside the locked

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

door, refused to unlock it. By the time Curry gained entrance to the residence, Louie had escaped through the back yard. The parties in this matter stipulate to the existence of both exigent circumstances in the form of hot pursuit and probable cause to believe Louie had entered the residence.

Nora and Dora Jaramillo were arrested under California Penal Code § 148(a) for willfully obstructing a law enforcement officer in the discharge of his duties. The Jaramillos bring this action under 42 U.S.C. § 1983 alleging a violation of their Fourth Amendment rights to be free from wrongful arrest. We affirm the district court's denial of the Jaramillos' motion for summary judgment and grant of summary judgment to defendants Curry and the City of Hanford because Curry is entitled to qualified immunity.

The threshold question under a qualified immunity analysis is whether the facts alleged show the officer's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). If so, the next step is to determine whether the right was clearly established. *Id.* In other words, whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.,see also, Houghton v. South,* 965 F.2d 1532, 1534 (9th Cir. 1992) (right is clearly established when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right).

Here, the Jaramillos concede that Curry was in hot pursuit of Louie and that he had probable cause to believe Louie was in the residence. Curry watched Louie run toward the front door and, upon reaching the door himself, observed Nora Jaramillo, Louie's mother, standing directly behind it. Upon demanding entry, Nora responded "No, nobody is here." These facts, coupled with a steadfast refusal to unlock the door despite their concession that Curry was in hot pursuit of a suspect, would lead an objectively reasonable officer under the circumstances to believe the Jaramillos intentionally locked the door in order to prevent Curry from entering the house to arrest Louie.

Under California Penal Code § 148, Curry had authority to arrest those who obstruct or delay him in the execution of his duties. Moreover, while the Fourth Amendment does protect an occupant's right to refuse consent to a warrantless search, it also permits police to enter a home without a warrant where there is probable cause and an exigent circumstance. *See generally United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

Because a reasonable officer in these circumstances would not have known that the Jaramillos' arrests under California Penal Code § 148 was in any way violative of their Fourth Amendment rights, the district court was correct in its conclusion that Curry is entitled to qualified immunity.

AFFIRMED.